IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY KEVIN GOMEZ, | ) | No. C 05-2436 MMC (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | ) ) | |
| JEANNE S. WOODFORED, et al., | ) ) | (Docket Nos. 2) |
| Defendants. | ) ) | |
| _____ | ) | |

    Plaintiff Keith Candler, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was disciplined by prison officials for violating prison rules, in a manner that violated his constitutional rights; he further alleges that part of his punishment for the violation was the loss of 360 days of good time credits. He seeks restoration of those credits.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    Here, plaintiff challenges the validity of a decision by prison officials that he was

guilty of violating a prison rule, which decision resulted in his loss of good time credits. The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought by way of a petition for a writ of habeas corpus.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In particular, a prisoner must file a habeas petition if the nature of his claim is such that it may result in his entitlement to an earlier release, such as a claim for violation of rights in connection with the loss of good time credits.  See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

      Accordingly, the instant complaint is DISMISSED, without prejudice to plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts.  In light of the dismissal, the application to proceed in forma pauperis is DENIED.  No fee is due.

      This order terminates Docket No. 2.

      The Clerk shall close the file.

      IT IS SO ORDERED.

DATED: October 14, 2005

                                                  MAXINE M. CHESNEY
                                                  United States District Judge